**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CLARENCE MURRAY, | : | Civil No. 02-2946 (JCL) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| ALFARO ORTIZ, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

CLARENCE MURRAY, #310471, Petitioner Pro Se
Northern State Prison
168 Frontage Road P.O. Box 2300
Newark, New Jersey 07114

STEVEN E. BRAUN
Office of the Passaic County Prosecutor
Administration Building
401 Grand Street
Paterson, New Jersey 07505-2095
Attorneys for Respondents

**LIFLAND, DISTRICT JUDGE**

Clarence Murray ("Murray"), who is confined at Northern State Prison in Newark, New Jersey, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a), raising a number of grounds for relief. The State filed an Answer opposing the Petition, accompanied by relevant portions of the State court proceedings. For the reasons expressed below, the Court will

deny habeas relief, dismiss the Petition and decline to issue a certificate of appealability. See 28 U.S.C. §§ 2254 (a) and (d); 2253 (c) (2).

## I. BACKGROUND

On April 16, 1999, after a jury trial, Petitioner was convicted of six counts of drug-related offenses. (Answer, Opinion of the New Jersey Appellate Division in State v. Murray, A- 6280-98T4.) The trial court merged Counts I and II into Count III (possession of cocaine with intent to distribute within 1000 feet of school property, in violation of N.J.S.A. 2C:35-5a, -7), and Count IV into Count V (possession of marijuana with intent to distribute within 1000 feet of school property, N.J.S.A. 2C:35-5a, -7)). (Id.) Petitioner received concurrent sentences of five years of imprisonment with three years of parole ineligibility on Counts III and V, and a concurrent fifteen year term with five years of parole ineligibility on Count VI (employment of a juvenile in a drug distribution scheme, in violation of N.J.S.A. 2C: 35-5,6). (Id.) Petitioner's conviction was affirmed on February 22, 2001, and the New Jersey Supreme Court denied certification on June 16, 2001. Petition, ¶ 9.) Petitioner then timely filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket.) In its Answer, the State opposes the Petition on its merits.

2

## II. FACTS

Federal courts in habeas corpus cases are required to give deference to the factual findings of both the state trial and appellate courts. Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996) (citing Sumner v. Mata, 449 U.S. 539, 546 (1981) (section 2254 makes no distinction between the factual determinations of a state trial court and those of a state appellate court)). See also 28 U.S.C. § 2254 (e)(1).[1] The factual recital is taken from the New Jersey Appellate Division Opinion in this case:

> We briefly recite the facts adduced at the motion to suppress and trial. On March 6, 1997, at approximately 8:00 to 8:30 p.m., Paterson Police Officers Louis Esposito and Frank Ferrigno, while on patrol in the vicinity of Paterson Public School Number 6, observed defendant standing on the sidewalk at the base of steps leading to a two-family dwelling at 264 Graham Avenue. As their marked vehicle approached, defendant looked toward the vehicle, turned, and ran up the steps and into the hallway of 264 Graham Avenue along with another individual later identified as Alshawn Murphy, who had been standing on the porch at the top of the steps. The officers took no action at that time and continued on patrol.
>
> At approximately 9:30 to 9:45 p.m., the officers "cruised by" 264 Graham Avenue again, observed the same individuals, circumstances, and sequence of events, and again continued on their routine patrol. Nevertheless, because that conduct in a "known drug area" led them to suspect drug activity, the officers again returned to the vicinity of 264 Graham Avenue at approximately 12:50 a.m. on March 7, and set up a narcotics surveillance. They separated and remained in radio contact... Officer Esposito positioned himself in a parking area next to the side of the building directly across the street from 264 Graham Avenue, where he again observed defendant on the sidewalk in front of the house, and Murphy on the front porch at the top of the steps. Within a period of approximately five minutes, he observed three separate individuals

---

[1] Section 2254 (e)(1) provides: In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

approach defendant, engage in short conversation, hand him what appeared to be cash, ascend the steps at defendant's direction, receive small objects from a clear plastic sandwich-type bag taken from Murphy's front pants pocket, and leave the area. Defendant put the money received from those individuals in his front pants pocket.

Based upon his prior narcotics surveillance experience, Officer Esposito believed he had witnessed drug transactions, and signaled Officer Ferrigno that it was time to "move in to make an arrest." As Ferrigno approached in the patrol vehicle, defendant fled up the steps of 264 Graham Avenue, and he and Murphy entered the dwelling, slamming and locking the front door behind them.

The officers then ran up the steps and attempted to open the door. As Officer Ferrigno tried to kick the door open, Officer Esposito shined his flashlight through a small window in the door to observe the suspects. Officer Esposito identified a photograph of the door with a clear-pane window taken the day before trial as accurately depicting the window at the time of defendant's arrest. He observed, through the window, defendant remove "bunches" of cash from his front pants pocket and throw it onto the hallway floor, while Murphy threw a clear plastic bag to the floor, and both tried unsuccessfully to gain entry to an interior door at the back of the hallway. Defendant then opened the front door for the officers, and both he and Murphy were immediately arrested. [Answer, Opinion of the New Jersey Appellate Division in State v. Murray, A- 6280-98T4, at pp. 3-5) ]

Cash, cocaine, and marijuana were recovered from the floor of the hallway. (Id., p.5.) At a later hearing, the judge found the officers' testimony pertaining to the facts surrounding the arrest to be more credible than that of Petitioner, and denied his motion to suppress evidence. (Id., pp.6-7.) As previously mentioned, the Appellate Division affirmed Petitioner's conviction, rejected the grounds raised but one (pertaining to the sentence imposed) as being without merit, and remanded for resentencing, which has not been raised as a ground for relief in this habeas action. (Petition; Ans., ¶ 6.)

## III. DISCUSSION

Standards Governing Petitioner's Claims

Section 2254(a) grants federal district courts subject matter jurisdiction to entertain a claim that a state prisoner is in custody in violation of the federal constitution or federal law or treaties. Section 2254(a) provides, in pertinent part:

> . . . a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

A habeas corpus petition must "specify all the grounds for relief," and set forth in summary form "the facts supporting each of the grounds thus specified." See Rule 2 (c) of the Rules Governing Section 2254 Cases in District Courts. Petitioner has the burden of establishing each claim in the Petition. See United States v. Abbott, 975 F. Supp. 703,705 (E.D. Pa. 1997).

Under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), federal courts in habeas corpus cases must give deference to determinations of the state courts. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996) (citing Parke v. Raley, 506 U.S. 20, 36 (1992)). Habeas corpus relief must be denied as to

> any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or

>(2) resulted in a decision that was based on an unreasonable
>determination of the facts in light of the evidence presented in
>the State court proceeding [28 U.S.C. § 2254 (d) (1)].

The Supreme Court interpreted this standard in Williams v. Taylor, 529 U.S. 362 (2000), explaining that

>Under the "contrary to" clause, a federal habeas court may
>grant the writ if the state court arrives at a conclusion opposite
>to that reached by this Court on a question of law or if the state
>court decides a case differently than this Court has on a set of
>materially indistinguishable facts. Under the "unreasonable application"
>clause, a federal habeas court may grant the writ if the state court
>identifies the correct governing legal principle from this Court's
>decisions but unreasonably applies that principle to the facts
>of the prisoner's case. [529 U.S. at 412-13]

See also Marshall v. Hendricks, 307 F.3d 36, 51 (3d Cir. 2002), cert. denied, 538 U.S. 911 (2003.). Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable. Williams, 529 U.S. at 409-10. In addition, "in certain cases it may be appropriate to consider the decisions of inferior federal courts as helpful amplifications of Supreme Court precedent." Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 890 (3d Cir.), cert. denied, 524 U.S. 824 (1999). Finally, in considering claims raised in a habeas petition, federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002). See also Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001) (federal court must ". . . afford state courts' factual findings a presumption of correctness, which the petitioner can overcome only by clear and convincing evidence.").

The United States Supreme Court also has emphasized that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions" because, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); accord Engle v. Isaac, 456 U.S. 107, 119-20 (1982); Barry v. Bergen County Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997), cert. denied, 522 U.S. 1136 (1998). "[M]ere errors of state law are not the concern of [the federal] Court, unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution." Wainwright v. Goode, 464 U.S. 78, 86 (1983) (quoting Gryger v. Burke, 334 U.S. 728, 731 (1948)); see also Johnson v. Rosemeyer, 117 F.3d 104, 109 (3d Cir. 1997); United States ex rel. Jacques v. Hilton, 423 F. Supp. 895, 899-900 (D.N.J. 1976). "[I]t is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted), cert. denied sub nom. Dist. Attorney of Bucks County v. Smith, 522 U.S. 1109 (1998); see also Wainright v. Sykes, 433 U.S. 72, 81 (1977) (questions of state substantive law are not federal claims); Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

A federal district court may not convert a ground asserting a violation of state law into a ground asserting a violation of the federal constitution.[2] Nor may the court address a

---

[2] See Engle v. Issac, 456 U.S. 107, 119-20 & n.19 (1982) (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights, and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

constitutional claim that is apparent from the facts of the case, but is not set forth on the face of the petition as a ground for relief.[3] A federal district court must dismiss a habeas corpus petition, summarily or otherwise, if it appears from the face of the petition that a petitioner does not claim a constitutional violation. Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); Rule 4 of the Rules Governing Section 2254 Cases.[4] "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982); see also James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 9.1 (3d ed. 1998).

Claims Asserted in the Petition

A.  Petitioner claims that the state failed to meet its constitutional burden of proof beyond a reasonable doubt by failing to produce any evidence that he was within 1000 feet of a school zone,

---

[3] See Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir.), cert. denied, 528 U.S. 911 (1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, the district court may not consider ground, evident from the facts but not raised in the petition, that counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[4] Rule 4(c) provides: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." The Advisory Committee Notes to Rule 4 emphasize that "'notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" (citing Aubut v. Maine, 431 F.2d 688, 689 (1st Cir. 1970)).

as required for conviction on Counts III and V. (Pet. Ground One.) The relevant question for habeas analysis is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). A petitioner "challenging the sufficiency of the evidence bears a heavy burden." United States v. Casper, 956 F.2d 416, 421 (3d Cir.1992). The record reveals that evidence and testimony was introduced to show that a map of the area surrounding a nearby school, whose accuracy was stipulated to by the defense, indicated that the premises of 264 Graham Avenue was within 1000 feet of the school. See Answer, pp. 5-6. Petitioner has shown nothing to contradict this evidence, and the New Jersey Appellate Division found this claim to be without merit. (Answer, Opinion of the New Jersey Appellate Division in State v. Murray, A- 6280-98T4, at p. 10.) Petitioner has failed to meet his burden in establishing a constitutional violation, and this Court can not conclude that the determination of this issue in state court resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Williams v. Taylor, supra. See also Chadwick v. Janecka, 312 F.3d 597, 606 (3d Cir. 2002), cert. denied, 538 U.S. 1000 (2003) (state court's rejection of petitioner's claim without explanation was a decision on the merits and thus entitled to § 2254(d) deference); Barclay v. Spitzer, 2003 WL 24053776, *18 (E.D. N.Y September 1, 2003) (state appellate court's determination of meritlessness was not contrary to the standard announced in Williams v. Taylor, supra.). The Court will deny relief on this claim.

B.  Petitioner also complains about the failure of the state trial court to charge the jury with respect to his alibi, thus depriving him of a fair trial. Again, the New Jersey Appellate Division found this claim to be without merit. (Answer, Opinion of the New Jersey Appellate Division in State v. Murray, A- 6280-98T4, at p. 10.)

A habeas petitioner who challenges state jury instructions must "point to a federal requirement that jury instructions on the elements of an offense . . . must include particular provisions," or "demonstrate that the jury instructions deprived him of a defense which federal law provided to him." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). Federal district courts simply do not "sit as super state supreme courts for the purpose of determining whether jury instructions were correct under state law with respect to the elements of an offense and defenses to it." Id; see also Geschwendt v. Ryan, 967 F.2d 877, 888-90 (3d Cir.), cert. denied, 506 U.S. 977 (1992).

Petitioner has failed to meet his burden of establishing the aforesaid claim; see Abbott, supra. He has in no way shown any effect on the jury's determination of his guilt on the charged counts. Moreover, the Third Circuit has referred to error in alibi instruction as "non-constitutional in nature". See U.S. v. Simon, 995 F.2d 1236, 1244 (3d Cir. 1993). In light of the treatment of this issue in state court, this Court can not conclude that its state determination resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Williams v. Taylor, supra.; see also Chadwick, supra. The Court also will deny relief on this claim.

C.    Petitioner also claims that improper comments made by the prosecutor denied him a fail trial. (Petition, Ground C.) He states that the prosecutor improperly vouched for the truthfulness of who he terms the state's "key witness," officer Esposito. (Id.)

A Federal District Court will not grant habeas corpus relief merely because a prosecutor's actions "were undesirable or even universally condemned." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quotations omitted). To state a claim for habeas relief based upon comments at trial by the prosecutor, Petitioner must show that the prosecutor's comments were so egregious that they fatally infected the proceedings, rendered the entire trial fundamentally unfair, and made the conviction a denial of due process. Id. (citing Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). See also Lesko v. Lehman, 925 F.2d 1527, 1546 (3d Cir.), cert. denied, 502 U.S. 898 (1991). The prosecution's comments must be evaluated in the context of the trial. Laird v. Horn, supra at 129. Where an error occurs, the inquiry then becomes whether, in light of the record as a whole, the prosecutor's conduct "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abramson, 507 U.S. 619 (1993). "[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." Smith v. Phillips, 455 U.S. 209. As the Third Circuit stated in Moore v. Morton, 255 F.3d 95, 107 (3d Cir. 2001):

> To the extent that we may discern, therefore, Supreme Court precedent counsels that the reviewing court must examine the prosecutor's offensive actions in context and in light of the entire trial, assessing the severity of the conduct, the effect of the curative instructions, and the quantum of evidence against the defendant. There are "some occurrences at trial [that] may be too clearly prejudicial for ... a curative instruction to mitigate their effect." Donnelly, 416 U.S. at 644, cf. Bruton v. United States, 391 U.S. 123, 135 (1968) (admission of co-defendant's inculpatory confession too prejudicial to be cured through jury instruction). In making this determination, Supreme Court precedent requires the

11

reviewing court to weigh the prosecutor's conduct, the effect of the curative instructions and the strength of the evidence. Darden, 477 U.S. at 182; Donnelly, 416 U.S. at 643.

Examination of the state's summation in this case indicates that the prosecutor was contending with the defense over the credibility of Officer Esposito, a key issue in the case. Review of the summation indicates that the prosecutor was challenging the logic of the defense's attack on Esposito's credibility, rather than vouching for it. (Tr., 63-86.)

> So when you begin to evaluate whether .. Officer Esposito is making this up not only do you have to take it to the logical conclusion of whether what he actually testified to is consistent with that, you have to take it to the conclusion whether what he did was contrary to somebody making up a story and trying to frame Mr. Murray. That's what I meant when I began by talking about taking the arguments to their logical conclusion. Can you really believe the conclusion that Officer Esposito is out to frame Mr. Murray and the juvenile, and made up this story[?]
>
> Consider the details he gave you and was not able to give you in this story. Can you reach the conclusion that Officer [Esposito] is evil enough to simply frame this defendant for a crime he did not commit? Can you bring yourself to that conclusion? If you can't, what your're left with are the facts that [Esposito] described and you're left with those facts. You have nowhere else to go than to conclude the only thing those facts leave you to conclude, and that is what is charged in this particular indictment. [Id. at 74.]

As mentioned above, the New Jersey Appellate Division also considered this claim to be meritless. This Court can not conclude that the state determination resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Williams v. Taylor, supra.; see also Chadwick, supra. Habeas corpus relief on this claim will be denied.

D.  Petitioner also appears to claim that the trial judge failed to instruct the jury as to omitted or prior inconsistent statements. As the state noted, Petitioner did not raise this claim in the Petition but addressed it in his brief. (Answer at p10. n. 1.)

The standard for reviewing jury instructions is " 'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that prevents the consideration of constitutionally relevant evidence.' " Buchanan v. Angelone, 522 U.S. 269, 276 (1998) (quoting Boyde v. California, 494 U.S. 370, 380 (1990)). Claims of erroneous jury instructions do not generally form the basis for habeas relief. See United States ex rel. Dorey v. New Jersey, 560 F.2d 584, 587 (3d Cir.1977); see also Henderson v. Kibbe, 431 U.S. 145, 154 (1977). Challenges to instructions are not cognizable on collateral review unless the disputed instruction " 'so infected the entire trial that the resulting conviction violates due process.' " Polsky v. Patton, 890 F.2d 647, 650 (3d Cir.1989) (quoting Cupp v. Naughten, 414 U.S. 141, 146-47,(1973)). The burden of demonstrating that an erroneous instruction was so prejudicial that it supports a collateral attack is weightier than that necessary to establish plain error on direct appeal. See Henderson, supra, 431 U.S. at 154-55; Kontakis v. Beyer, 19 F.3d 110, 114 (3d Cir.1994) (stating that federal courts are limited to deciding if a state conviction violates federal law). A habeas petitioner who challenges state jury instructions must "point to a federal requirement that jury instructions on the elements of an offense . . . must include particular provisions," or "demonstrate that the jury instructions deprived him of a defense which federal law provided to him." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). Federal district courts simply do not "sit as super state supreme courts for the purpose of determining whether jury instructions were correct under state law with respect

to the elements of an offense and defenses to it." Id; see also Geschwendt v. Ryan, 967 F.2d 877, 888-90 (3d Cir.), cert. denied, 506 U.S. 977 (1992).

. Petitioner has failed to meet his burden of establishing the aforesaid claims; see Abbott, supra. He has in no way shown that the instructions complained of affected the jury's determination of his guilt on the counts charged. Petitioner has failed to meet his burden of showing that he was deprived of a right which he enjoyed under the Constitution, laws, or treaties of the United States; See Donnelly v.DeChristoforo, supra; see also Johnson v. Rosenmeyer, 117 F.3d 104,110 (3d Cir. 1997) (errors of state law can not be repackaged as federal errors simply by citing the Due Process clause). Again, the New Jersey Appellate Division found this claim to be meritless, and this Court can not conclude that the state determination resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Williams v. Taylor, supra. . The Court also will deny relief and dismiss this claim.

Certificate of Appealability

Because Petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability will issue pursuant to 28 U.S.C. § 2253 (c). See Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## III. CONCLUSION

Based upon the foregoing discussion, the Court will deny habeas relief, dismiss the Petition and decline to issue a certificate of appealability. See 28 U.S.C. §§ 2254 (a) and (d); 2253 (c) (2).

An appropriate Order accompanies this Opinion.

_____
JOHN C. LIFLAND
UNITED STATES DISTRICT JUDGE

DATED  Oct. 21, 2005